### CHARLES I. MOREY. V. LUCY A. MOREY.

#### No. 3028.

**Divorce—Pleading—Abandonment.**—Petition for divorce by husband on ground of abandonment contained the allegations "that the parties had been legally married in New Hampshire, and that they resided in Massachusetts thereafter until April, 1880, when and where the defendant without any cause whatever voluntarily left and abandoned the bed and board of petitioner with the intention of finally separating and living apart from him, and has continued so to do up to the filing of this petition, though often requested by petitioner to return to his bed and board and live with him." The petition was filed March, 1890. *Held*, that the petition showed legal grounds for divorce.

APPEAL from Cherokee. Tried below before Hon. JAMES I. PERKINS. The opinion states the case.

*J. F. Beall*, for appellant.—The court erred in sustaining defendant's exceptions to plaintiff's petition, and dismissing this suit at plaintiff's cost, as abandonment was alleged with sufficient certainty. Sayles' Civ. Stats., art. 2861; Hare v. Hare, 10 Texas, 355; Jones v. Jones, 60 Texas, 451; 2 Kent's Com., pp. 81–85, and cases there cited.

No brief for appellee reached the Reporter.

FISHER, JUDGE, *Section B.*—The petition presents a suit for divorce, instituted by appellant against appellee. It alleges that plaintiff is a bona fide citizen of Cherokee County and State of Texas, and has been such for more than six months next preceding the filing of the suit. It alleges the marriage of plaintiff and defendant in the State of New Hampshire, and that defendant resides in Norfolk County, Massachusetts, and that plaintiff and defendant lived together as man and wife in the State of Massachusetts until April, 1880, "when and where the defendant, without any provocation or cause whatever, voluntarily left and abandoned the bed and board of this petitioner with the intention of finally separating and living apart from him, and has continued so to do up to the filing of this petition, though often requested by petitioner to return to his bed and board and live with him as his wife."

The defendant, by counsel appointed by the court below, presented two demurrers to the petition. 1. Because the court had no jurisdiction of the cause or of the parties to the suit. 2. A general demurrer, and also that the facts constituting the cause of action are not alleged with sufficient certainty.

The demurrer questioning the jurisdiction of the court was overruled; that addressed to the merits of the case was sustained. The plaintiff declining to amend, the case was dismissed.

The only question for our decision is, Did the court err in sustaining the demurrer and dismissing the case? The acts constituting the abandonment are alleged with sufficient certainty, and if the averments of the petition are true, it presents that character of abandonment that entitles the plaintiff to a divorce.

We report the case for reversal.

*Reversed and remanded.*

Adopted November 24, 1891.